Robert O. CARUTHERS, Jr.,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 10S00–9708–CR–00461.

Supreme Court of Indiana.

Aug. 24, 1998.

William P. McCall, III, Jeffersonville, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

The defendant, Robert O. Caruthers, Jr., appeals from his convictions for possession of cocaine in an amount over three grams with the intent to deliver,[1] a class A felony.[2] In this direct appeal, he raises several issues, but we find one issue dispositive: whether the evidence was sufficient to convict.

■ The defendant contends that the evidence was insufficient to prove that he possessed the drugs at issue. An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

In this case, acting upon a tip from a confidential informant, the police obtained a search warrant to search the defendant's mother's house. On the way to her house, the police stopped the defendant as he was driving and subsequently searched the defendant and his car, but found no drugs or drug-related paraphernalia. The police did find empty packages of Newport cigarettes in the defendant's car. When the police searched the home, they found four people in the home—the defendant's mother, sister, niece,

---

1. IND.CODE § 35–48–4–1 (1993).

2. Although the normal maximum sentence for a class A felony is forty-five years, the defendant was also adjudged to be a habitual offender, and his total sentence for the crime was seventy years, thus invoking this Court's jurisdiction. IND. CONST art. 7, § 4.

and Victoria Carter. The defendant's mother, brother, sister, niece, Carter, and Jackie Grant lived at the mother's house. The defendant was residing elsewhere at the time, but received mail at his mother's house, and kept a few items, such as a Social Security card, his high school diploma, and a receipt for a child support payment, in a discreet small area in the house.

During the search, the police found cocaine in the home. However, none of the cocaine found was present in the area where the defendant kept his personal items. The police also discovered empty packages of Newport cigarettes near the cocaine, but there was no evidence that the cigarette packs found in the home belonged to the defendant, and others who lived in the home also smoked Newport cigarettes. The State also introduced the testimony of Joan Mull, who testified that she had called the defendant at his mother's house about drug purchases on several occasions prior to the day on which the police search discovered the cocaine. The defendant never personally delivered any drugs to Mull.

Additionally, although the State has not commented upon it in its brief, we consider the testimony of Eric Green, who was with the defendant in jail the night the defendant was arrested. Green testified that the defendant told him that "they were trying to charge him with something that ain't his, wasn't his," Record at 1260, and that "they did him wrong and he's going to beat this case and they found some dope but it wasn't that much and he was going to get his brother to take responsibility for it." Record at 1261. He also said that the defendant "told the others don't say anything." Record at 1261. When the State asked a question concerning a "discussion about any kind of money," Green responded that "only so much of it supposed to be his." Record at 1261. On cross examination defense counsel asked, "And when he said it wasn't his, was he referring to the cocaine that supposedly had been found there? A: Yes. Q: He was, wasn't he? As a matter of fact, in all the statements that he made to you he never did admit that the cocaine, if there had been cocaine in the house, was his, did he? A:

Yes, he did." Record at 1271. Because the second question is phrased in the negative, the meaning of Green's affirmative answer cannot be ascertained.

■ Because the defendant was not in physical possession of the cocaine at the time it was seized, the State relies upon the doctrine of constructive possession. *Goodner v. State*, 685 N.E.2d 1058, 1061 (Ind.1997). Constructive possession is shown by "the intent and capability to maintain dominion and control over the illegal drugs." *Fassoth v. State*, 525 N.E.2d 318, 323 (Ind.1988).

■ The State argues that the evidence showed that the defendant had the intent and ability to maintain dominion over the drugs found in the house. However, the State showed neither that the defendant stayed in the area in which the items were found, nor could they place any other identifying marks of the defendant such as fingerprints or other of the defendant's specific possessions with the drugs seized. The drugs were not found within the defendant's immediate control. The police did not find any items on the defendant or in his car which showed his intent to maintain control over the drugs in the house. That the State could show that the defendant was in possession of drugs in the past, through Mull's testimony, is insufficient to establish the offense charged. Likewise, we cannot find any support for the conviction in Green's unclear testimony.

We conclude that, even when considering only the evidence favorable to the State, it is insufficient to support the conviction. The judgment of the trial court is reversed.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

SELBY, J., dissents without opinion.